UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEAVON PIERCE,

    Plaintiff,

    v.

SAN FRANCISCO EXAMINER, et al.,

    Defendants.

Case No. 15-cv-06051-EMC

**ORDER OF DISMISSAL**

## I.   INTRODUCTION

Plaintiff, a California inmate incarcerated at Kern Valley State Prison, filed this *pro se* civil action under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. His complaint and *in forma pauperis* application are now before the court for review.

## II.   DISCUSSION

A.   <u>Allegations of Complaint</u>

Plaintiff's complaint names as defendants three newspapers, i.e., the San Francisco Examiner, The Record in Vacaville (a possible misidentification of the Vacaville Reporter, located at the same address provided by Plaintiff), and The Tribune in San Luis Obispo. Plaintiff alleges that he requested a price quote from Defendants to publish a public notice, or requested Defendants to publish a public notice about cases he had filed against President Obama and the People of the State of California. Docket No. 1 at 1-2. Defendants allegedly denied or failed to respond to Plaintiff's request for a price quote and/or to publish his notices. *Id.* at 3. Defendants' refusals to quote a price or to publish notices allegedly violated Plaintiff's Fourteenth Amendment rights by discriminating against him and other prisoners. *Id.*

B.  Court's Authority To Screen Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b).

Plaintiff urges in his complaint that "1915A does not apply." Docket No. 1 at 1. He is correct. Section 1915A screening is required only when the "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a), and does not apply to this action in which all three defendants are private entities. That is a small victory for Plaintiff, however, because the Court has separate authority under 28 U.S.C. § 1915(e)(2) to examine the complaint from the pauper-plaintiff.

When a plaintiff is proceeding *in forma pauperis* but § 1915A does not apply, the court "shall dismiss the case at any time if the court determines" that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) typically is applied to non-prisoners but nothing in the statute prohibits its application to prisoners; indeed, certain other portions of § 1915 specifically apply to prisoners (e.g., § 1915(a)(2) requires a prisoner to provide a certified copy of his trust account statement and § 1915(b) provides the installment payment schedule for prisoners). The court now will consider whether dismissal is appropriate under § 1915(e)(2), bearing in mind that *pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

C.  The Complaint Fails to State A Claim

Federal courts are courts of limited jurisdiction. As relevant here, the court only has jurisdiction to entertain this action if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983. (There are other federal statutes that grant other bases of federal court jurisdiction, but none are applicable to this action.) In simple terms, this action can go forward in federal court if a claim is stated under § 1983; if the complaint does not state a claim

2

1  under § 1983, any state law claim should be pursued in state court.

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a
3  right secured by the Constitution or laws of the United States was violated and (2) that the
4  violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487
5  U.S. 42, 48 (1988).

6  Plaintiff's complaint against three private newspapers for violating his Fourteenth
7  Amendment rights fails to state a claim under § 1983 because both elements of a § 1938 claim are
8  missing.  First, the Fourteenth Amendment limits actions by the government but does not limit
9  actions by private parties. *See DeShaney v. Winnebago Cy. Dep't of Social Serv.*, 489 U.S. 189,
10  196 (1989) (Fourteenth Amendment's "purpose was to protect the people from the State, not to
11  ensure that the State protected them from each other").  The Fourteenth Amendment does not
12  impose a duty on private newspapers to provide services to prospective customers, such as
13  Plaintiff.  Second, the newspapers were not alleged to be acting under the color of state law.  A
14  private individual does not act under color of state law, an essential element of a § 1983 action.
15  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Purely private conduct, no matter how wrongful,
16  is not covered under § 1983.  *See Ouzts v. Maryland Nat'l Ins. Co.,* 505 F.2d 547, 550 (9th Cir.
17  1974); *see Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (plaintiffs "had no
18  constitutional right to be free from [off-duty deputy's] deprivations of their constitutional rights").
19  Leave to amend will not be granted because it would be futile.

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

### III. CONCLUSION

The Court has determined in this order that the complaint fails to state a claim upon which relief may be granted and has granted Plaintiff's application to proceed *in forma pauperis* in a separate order filed today.  Pursuant to the authority granted in 28 U.S.C. § 1915(e)(2), this action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: May 16, 2016

_____
EDWARD M. CHEN
United States District Judge

4